IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
          Plaintiff,

v.                                 Case No. 12-10085-JTM
                                       19-10001-JTM

MARIA MACHUCA-QUIINTANA,
          Defendant.

**CONSOLIDATED MEMORANDUM AND ORDER REGARDING DEFENDANT'S MOTIONS FOR RELEASE OR HOME CONFINEMENT**

This matter is before the court on defendant's Motions for Release or Home Confinement Under § 3582(c)(1)(A) under the First Step Act and Emergency Release Due to the Coronavirus (No. 12-10085 Dkt. 471; No. 19-10001 Dkt. 47). Defendant has two cases before the court, but filed identical motions for release in each case. The United States opposes defendant's motions and has filed a consolidated response (No. 12-10085 Dkt. 475; No. 19-10001 Dkt. 51). This is a consolidated order pertaining to both motions.

**Background**

On November 15, 2012, defendant pled guilty in Case No. 12-10085 to count 28 of the Indictment filed against her, which charged a conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and §841(b)(1)(A). (Dkt. 212, 213). She was sentenced on February 19, 2013 to a term of 60 months in prison followed by five years of supervised release. (Dkt. 286). Defendant's term in prison was subsequently reduced to 43 months pursuant to a motion under 18 U.S.C. § 3582(c) based upon a subsequently reduced guideline range made retroactively applicable to defendant's sentence. (*See* Dkt. 351).

Defendant was released from custody into the supervision of the United States Probation Office on November 2, 2015.

On January 14, 2019, the court entered a Petition & Order for Revocation in Case No. 12-10085 (Dkt. 445) based upon defendant's alleged possession and use of cocaine and alcohol, receipt of a ticket for an open container of alcohol, travel outside of the district without permission, association with a known convicted felony, failure to report for required substance abuse counseling, and the fact that defendant was charged in a new District of Kansas case (Case No. 19-10001) with distribution of methamphetamine. The court held a final hearing on the Petition & Order for Revocation on October 10, 2019, and revoked defendant's supervision. The court then entered a revocation judgment of 12 months and 1 day in prison, to run consecutively to the sentence imposed in Case No. 19-10001. (Dkt. 465).

Defendant was charged by Indictment in Case No. 19-10001 on January 9, 2019 with one count of distribution of methamphetamine greater than 50 grams in violation of 21 U.S.C. § 841(a) and § 841 (b)(1)(A). (Dkt. 1). She pled guilty to count 1 as charged on August 5, 2019. (Dkt. 25, 26). Defendant was then sentenced on October 10, 2019, pursuant to the terms of her plea agreement, to 144 months imprisonment followed by five years of supervised release. (Dkt. 34). Defendant filed Motions to Vacate under 28 U.S.C. § 2255 on February 28, 2020, which are still pending, pertaining to both the revocation judgment in Case No. 12-10085 and the sentence in Case No. 19-10001.

The motions currently before the court request relief under 18 U.S.C. § 3582(c)(1)(A)'s "compassionate release" provisions. Specifically, defendant requests that

her sentence be reduced to time served in both cases or, alternatively, that she be sentenced to home confinement or probation with a home confinement element. She contends that her age and medical conditions combined with the threat of infection of Covid-19 at her correctional facility constitute extraordinary and compelling reasons justifying a sentence reduction under § 3582(c). The United States opposes the motions contending that the court is without jurisdiction to grant defendant's compassionate release motion because she has not satisfied § 3582(c)'s exhaustion requirement, and that the court lacks authority to order home confinement. The court denies defendant's motion as to both cases because it finds that defendant has not shown extraordinary and compelling reasons for a sentence reduction.

### §3582(c)(1)(A)'s Exhaustion Requirement

The Tenth Circuit interprets § 3582(c) as setting definitive jurisdictional limits to a district court's ability to modify a term of imprisonment. *See United States v. Spaulding,* 802 F.3d 1110, 1112, 1122 (10th Cir. 2015) (finding that "courts have jurisdiction to alter … criminal judgments only to the extent expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure" and that "the relevant provisions of § 3582(c) operate as a clear and mandatory restriction on a court's authority.") (internal quotation marks and citations omitted). Section 3582(c)(1)(A)  specifies that if defendant chooses to file a motion requesting modification of a term of imprisonment directly, she may do so *only* after exhausting all administrative rights to appeal the Bureau of Prison's failure to bring such a motion upon his behalf, or after the expiration of 30 days from a request made to the warden of the defendant's facility for such a recommendation. *See* 18 U.S.C.

§ 3582(c); *United States v. Britton*, 2020 WL 2404969 at *3 (D. N.H. May 12, 2020) (discussing the two alternative avenues for exhaustion under § 3582(c) and characterizing the expiration of 30 days to be an "exception" to the traditional administrative appeal process). This court has consistently held that a defendant's failure to comply with the statute's exhaustion requirement precludes compassionate release. *See United States v. Nash*, No. 19-40022-1-DDC, 2020 WL 1974305 at *2 (D. Kan. Apr. 24, 2020) (citing *United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) for the proposition that "[u]nless the defendant meets this exhaustion requirement, the court lacks jurisdiction to modify the sentence or grant relief."). *See also United States v. Read-Forbes*, No. 12-20099-1-KHV, 2020 WL 188856 (D. Kan. Apr. 16, 2020); *United States v. Boyles*, No. 18-20092-JAR, 2020 WL 1819887 (D. Kan. Apr. 10, 2020); *United States v. Brown*, No. 12-20066-37-KHV, 2020 WL 1935053 (D. Kan. Apr. 22, 2020); *United States v. Moore*, No. 15-10132-01-EFM, 2020 WL 2061429 (D. Kan. Apr. 29, 2020).

Here, defendant indicates that she sent a request for compassionate release to the warden of FCI Carswell by mail on April 5, 2020. Even allowing additional time for receipt of the mail, the court finds the letter would have been received by the warden by April 10, 2020. The record before the court is unclear as to whether defendant ever received a formal response or denial of the request from the warden of her facility, but it is clear that defendant's Motion was filed on May 18, 2020, more than 30 days after the letter would have been received by the warden.

The United States contends that defendant has failed to satisfy the exhaustion requirement because she did not appeal the warden's indecision to a higher level of the

Case 6:19-cr-10001-JTM   Document 52   Filed 06/08/20   Page 5 of 11

BOP, as traditionally required by the BOP's administrative appeal process. While it is true that the BOP's administrative appeal regulations treat a non-response the same as a denial (*see* 28 C.F.R. § 542.18), the approach urged by the United States ignores the alternative avenue of exhaustion expressly permitted by § 3582(c)(1)(A). As provided by the statute and recognized by other courts, § 3582(c)(1)(A) permits two alternative avenues of exhaustion: *either* a defendant can exhaust all administrative remedies with the BOP, *or* the defendant can wait for 30 days to elapse from the date the warden received a request for compassionate release. *See United States v. Reid*, 2020 WL 1904598 at *3 (N.D. Cal. April 18, 2020). It may be true in this instance that defendant did not pursue an internal appeal of the warden's inaction on her letter, but under § 3582(c)(1)(A) further appeal was not required so long as 30 days had elapsed between the warden's receipt of the letter and the filing of the motion. Consequently, even though this court finds the exhaustion requirement of the statute to be non-waivable, the court finds sufficient information in the record to conclude that defendant has met the threshold requirement of exhaustion. Because defendant has met that threshold requirement, the court must determine whether she has shown extraordinary and compelling reasons for a sentence reduction under § 3582(c) and the applicable policy guidelines.

**§3582(c)(1)(A) Requirement of Extraordinary and Compelling Reasons**

If the exhaustion prerequisite is met, § 3582(c)(1)(A) allows the court to reduce a defendant's term of imprisonment if it considers the factors set forth in 18 U.S.C. § 3553(a) and finds that a reduction is warranted by "extraordinary and compelling reasons," that the defendant is not a danger to the community, and that the reduction is consistent with

applicable policy statements issued by the Sentencing Commission. *See United States v. Britton*, 2020 WL 2404969 at *3 (D. N.H. May 12, 2020) (citations omitted). The court has considerable discretion in making such a sentence reduction. *See id.*

The applicable policy statement is found in § 1B1.13 of the Sentencing Guidelines, and has not been amended since the passage of the FSA:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment … if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that –
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction; or
>
> (B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

Application Note 1 to § 1B1.13 elaborates on the meaning of "extraordinary and compelling reasons" warranting a sentence reduction, specifying that extraordinary and compelling reasons can exist based upon (A) the defendant's medical condition, (B) the defendant's age, (C) the defendant's family circumstances, or the "catchall" provision (D): "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 cmt. n.1.

U.S.S.G. § 1B1.13 cmt. n.1(B) specifies that for a defendant to show extraordinary and compelling reasons based upon age, she must be at least 65 years old and have served

at least 10 years or 75 percent of his sentence, and be experiencing a "serious deterioration" in mental or physical health as a result of the aging process.  Defendant is only 52 years old and was sentenced in both cases less than a year ago on October 10, 2019.  Even if she had served 75 percent of her sentence, she is  not suffering any serious deterioration in mental or physical health as a result of the aging process. Likewise, defendant indicates that she has two adult children but does not argue that any death or incapacitation of a minor child or spouse is an extraordinary and compelling reason for release. Consequently, defendant must rely upon a showing of extraordinary and compelling reasons under application note (1)(A), regarding medical conditions, or (1)(D), the "catchall" provision.

Application Note (1)(A) limits the medical conditions that satisfy the extraordinary and compelling criteria to those in which the defendant is suffering from a terminal illness, or those in which defendant is suffering from a "serious physical or medical condition," a "serious functional or cognitive impairment," or "experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). Defendant's motion indicates only that she suffers from anxiety and high cholesterol. These are not medical conditions that, standing alone, rise to the policy guideline's level of serious medical conditions that would substantially diminish her ability to provide self-care within a correctional environment. Defendant, however, contends these medical conditions in combination with the risk of infection from Covid-

19, which she argues has infected three inmates and caused one death in her facility, are sufficient to constitute extraordinary and compelling reasons. The court notes that the conditions cited by defendant, anxiety and high cholesterol, are not among the conditions cited by the Centers for Disease Control as involving some increased risk of complications from Covid-19 infection. *See* Centers for Disease Control and Prevention, "People Who are at Higher Risk of Severe Illness," available online at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited June 8, 2020).

Additionally, "… the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (citing Federal Bureau of Prisons, *COVID-19 Action Plan* (Mar. 13, 2020, 3:09PM), https://www.bop.gov/resources/news/202000313_covid19.jsp). *See also United States v. Eberhart*, 13-CR-00313-PJH-1, 2020 WL 1450745 at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13."); *United States v. Seymon*, 11-CR-10040-JES, 2020 WL 2468762 at *4 (C.D. Ill. May 13, 2020) ("The Court does not seek to minimize the risks that COVID-19 poses to inmates in the BOP …. But the mere presence of COVID-19 in a particular prison cannot justify compassionate release – if it could, every inmate in that prison could obtain release.").

Defendant indicates she is non-violent and has had no disciplinary incidents while in custody, but again – defendant has been in custody less than a year, and the lack of disciplinary infractions, while commendable, is not "extraordinary" under the policy guidelines. Consequently, defendant has offered no circumstances the court finds extraordinary and compelling under the catchall provision of application note (1)(D).

Defendant's fears regarding Covid-19, while understandable, simply do not constitute "extraordinary and compelling reasons" under § 3582(c) and the applicable policy statements to reduce her sentence to time served. Even if defendant had demonstrated extraordinary and compelling reasons, however, the court would still be obligated to weigh the factors listed in 18 U.S.C. § 3553(a) to determine an appropriate reduction in sentence. The court's analysis of those factors relative to defendant's 19-10001 sentence and the revocation judgment in 12-10085 leads it to conclude that the sentences as originally imposed are appropriate.

The court considered the § 3553(a) factors when it sentenced defendant in Case No. 19-10001. (*See* Transcript of Sentencing Hearing, Case No. 19-10001 Dkt. 46, at 4-5). With respect to the 144-month sentence imposed, the court noted the large quantities of methamphetamine for which defendant had admitted responsibility (over 23,000 kilograms of marijuana equivalent), that it was her second federal drug trafficking offense, her lengthy criminal history, and her pattern of criminal behavior. Given those factors, the court found the sentence of 144 months, to which defendant did not object, was sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect of the law, provide just punishment, deter future crime, and protect the

public from further offenses. The court similarly considered the § 3553(a) factors when it imposed the revocation judgment in Case No. 12-10085. (*Id.* at 16). The sentences imposed by the court are less than a year old. Nothing in defendants' motions for compassionate release provides a basis for the court to reconsider its prior analysis of the § 3553(a) factors as they pertain to defendant's conduct.

**CARES Act**

Notwithstanding the merits of defendant's other arguments, the court lacks any authority to order that she serve the remainder of her sentence on either case by home confinement. The CARES Act expended the BOP's discretion by lengthening the maximum amount of time the Director is authorized to place an inmate in home confinement prior to release. *See United States v. Nash*, 19-40022-01-DDC, 2020 WL 1974305 at *1 (D. Kan. Apr. 24, 2020) (citing CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020)); *see also Furando v. Ortiz*, 2020 WL 1922357 at *2-3 (D. N.J. April 21, 2020) (detailing home confinement procedures established by the Attorney General and BOP under the CARES Act).  But, only the Bureau of Prisons has the authority to order home confinement under the CARES Act. *See United States v. Nash*, 2020 WL 1974305, at *3 (D. Kan. Apr. 24, 2020)  ("the CARES Act authorizes the BOP – not courts – to expand the use of home confinement"); *United States v. Boyles*, 18-20092-JAR, 2020 WL 1819887 at *2 n.10 (D. Kan. Apr. 10, 2020) (explaining the difference between the CARES Act grant of authority to the BOP to lengthen the duration of home confinement and the court's jurisdiction to reduce a sentence under 18 U.S.C. § 3582(c)). The defendant

must pursue home confinement directly with the BOP through the appropriate administrative process to obtain any relief under the CARES Act.

**Conclusion**

Defendant's motions for compassionate release fail to establish extraordinary and compelling reasons for a sentence reduction under § 3582(c)(1)(A), and the court finds the sentences originally imposed are appropriate in light of the factors the court is required to consider under § 3553(a). In addition, the court lacks jurisdiction under the CARES Act to order that any portion of defendant's sentence be served by home confinement. Defendant's motions (No. 12-10085 Dkt. 471; No. 19-10001 Dkt. 47) are therefore DENIED.

IT IS SO ORDERED.

Dated this 8th day of June, 2020.


/s/ J. Thomas Marten
THE HONORABLE J. THOMAS MARTEN
UNITED STATES DISTRICT COURT